UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEONDRE LANGSTON,

Plaintiff,

v.

CAUSE NO. 3:21-CV-198-DRL-MGG

NICOLE WELLS, et al.,

Defendants.

OPINION AND ORDER

Deondre Langston, a prisoner without a lawyer, filed a complaint (ECF 1) against five defendants alleging that they responded to his reports of depression and suicide attempts with deliberate indifference. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

According to the complaint, around lunch time on December 19, 2020, Mr. Langston told Officer T. Hobbs that he was depressed and having thoughts of harming himself with a razor, which he showed Officer Hobbs. He indicated that he needed to talk to someone. Officer Hobbs did not immediately report this to his superiors. Later, Mr. Langston cut his wrist with a razor. Officer Adam Kaunff knew that Mr. Langston had

injured himself, and Officer Kaunff told Sergeant Nicole Wells. Then, Officers Hobbs, Cody Salyer, and Kaunff placed Mr. Langston in a dry cell. According to Mr. Langston, his clothes should have been immediately stripped so he could not further harm himself, and Sergeant Wells should have ensured that her officers did this. Instead, she indicated that she "don't give a fuck at all." ECF 1 at 2. Mr. Langston indicates that he harmed himself again with his clothes, although he does not describe his injuries. Nurse Hill treated his wrist by wrapping it with a cloth.

In suicide cases, "[i]n order to be liable under the Eighth Amendment, a prison official must be cognizant of the significant likelihood that an inmate may imminently seek to take his own life and must fail to take reasonable steps to prevent the inmate from performing this act." *Estate of Novack ex rel. Turbin v. Cty. of Wood*, 226 F.3d 525, 529 (7th Cir. 2000). Here, Mr. Langston has alleged facts from which it can be inferred that Officer Hobbs, Officer Kaunff, Sergeant Wells, and Officer Salyer each knew that there was a significant likelihood that Mr. Langston would attempt to take his own life but failed to take reasonable steps to prevent Mr. Langston from harming himself.

Mr. Langston also asserts that Nurse Hill was deliberately indifferent to his need for medical attention following his suicide attempt when she only wrapped his wrist with a cloth. Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if

2

it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). The complaint contains no facts from which it can be inferred that Nurse Hill's allegedly inadequate care was the result of deliberate indifference. Therefore, he may not proceed against Nurse Hill.

For these reasons, the court:

(1) GRANTS Deondre Langston leave to proceed against Nicole Wells, Officer T. Hobbs, Officer Cody Salyer, and Officer Adam Kaunff in their individual capacities for monetary damages for deliberate indifference to Mr. Langston's safety on December 19, 2020, when they each had knowledge that Langston was depressed and had either threatened to harm himself or just harmed himself and took inadequate precautions for his safety from self-harm, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Nurse Hill;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Nicole Wells, Officer T. Hobbs, Officer Cody Smith, and Officer Adam Kaunff at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant that does not waive service, if they have such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Nicole Wells, Officer T. Hobbs, Officer Cody Smith, and Officer Adam Kaunff respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

June 18, 2021 *s/ Damon R. Leichty*
Judge, United States District Court